IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Crim. No. 1:16-CR-00050 |
| | : | |
| **v.** | : | |
| | : | |
| **EARL HALL** | : | Judge Sylvia H. Rambo |

## M E M O R A N D U M   A N D   O R D E R

Before the court is Defendant Earl Hall's motion for compassionate release. (Doc. 426.) Mr. Hall requests that the court grant him compassionate release, or an indicative ruling on his request, because the mother of his children is purportedly unfit to care for them. (*See id.*, p. 3.)

Initially, the court does not have jurisdiction to decide the merits of Mr. Hall's request because Mr. Hall is currently appealing his underlying judgment of conviction to the United States Court of Appeals for the Third Circuit. (Doc. 418.) *See United States v. Tartaglione*, No. CR 15-491, 2020 WL 3969778, at *3 (E.D. Pa. July 14, 2020) (holding that the district court lacks jurisdiction to decide a motion for compassionate release during the pendency of the defendant's appeal from judgment and sentencing). Mr. Hall's appeal from judgment places his conviction and full sentence[1] before the Third Circuit, and granting Mr. Hall's present motion

---

[1] The parties have not yet filed their briefs in the Third Circuit. However, an inference can be made that the reasonableness of this court's sentence, or the rulings made in calculating that sentence, are among the issues before the Third Circuit. Mr. Hall's counsel made multiple objections during sentencing, at least some of which were overruled, and the Third Circuit's docket lists the "Case Type Information" as "Sen & Cnv appeal."

would reduce his sentence and result in his release, thereby drastically altering the status quo and interfering with the proceedings above. The court therefore has no jurisdiction to decide the issue at this time.

Mr. Hall appears to recognize that this court lacks jurisdiction and he therefore requests an indicative ruling on his motion. Under Federal Rule of Criminal Procedure 37(a), where a motion is filed "that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court appeals remands for the purpose or that the motion raises a substantial issue." The court will therefore provide an indicative ruling under 37(a): If the Third Circuit were to remand the case for consideration of Mr. Hall's motion, the court would deny it without prejudice for failure to exhaust administrative remedies.

Under the compassionate release statute, the court may reduce a defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that certain extraordinary and compelling reasons warrant such a reduction and that the reduction is consistent with the applicable policy statements by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i). However, Section 3582(c)(1)(A) makes clear that the court "may not" modify or reduce a sentence upon motion of a defendant until after he has "fully exhausted all administrative rights to appeal a

failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Here, there is no dispute that Mr. Hall did not previously submit a petition to the warden requesting that the BOP move for his compassionate release. While Mr. Hall avers that he is unable to do so because he was recently outside the Bureau of Prison's custody to attend a funeral, that leave lasted only for two days in late August. (*See* Doc. 425.) As such, there appears to be nothing preventing Mr. Hall from exhausting his remedies by submitting a request to the warden. Accordingly,

**IT IS HEREBY ORDERED** that:

(1) To the extent that Mr. Hall requests compassionate release, his motion is **DENIED** without prejudice because the court lacks jurisdiction to decide it during the pendency of his appeal;

(2) To the extent that Mr. Hall requests an indicative ruling on his request for compassionate release, the court would deny the motion without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

> */s/ Sylvia H. Rambo*
> SYLVIA H. RAMBO
> United States District Judge

Dated: September 18, 2020